PER CURIAM.
 

 Joseph Calandra (Defendant) appeals the denial of his rule 3.800(a) motion. We affirm.
 

 For a first degree murder committed in 1992, Defendant was sentenced to prison “For a term of Natural Life without possibility of parole for 25 years.” He filed a rule 3.800(a) motion to correct illegal sentence, which the trial court denied, claiming the foregoing sentence was illegal and asking instead to be resentenced to “life in prison with twenty five years minimum mandatory with the possibility of parole.” However, that sentence is functionally the same as his current sentence. After Defendant has served twenty-five years, he will become eligible for parole.
 
 See
 
 § 775.082(1), Fla. Stat. (1991) (providing that “[a] person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole”).
 
 [1]
 
 Therefore, no correction is necessary.
 

 Affirmed.
 

 GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . This provision was amended effective May 25, 1994, by Chapter 94-228, section 1, Laws
 
 *157
 
 of Florida. As a result of that amendment, one convicted of a capital felony, unless sentenced to death, had to be sentenced to life imprisonment, and “[i]f convicted of murder in the first degree ... shall be ineligible for parole." § 775.082(l)(a), Fla. Stat. (Supp. 1994). However, the amendment does not affect Defendant, who committed his offense in 1992, before the effective date of the amendment.